IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

**UNITED STATES OF AMERICA**

v.  Criminal No. **3:22CR08**

**HEATHER A. HUFFMAN,**

Petitioner.

**MEMORANDUM OPINION**

Heather A. Huffman, a federal inmate proceeding *pro se*, filed a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255, ("§ 2255 Motion," ECF No. 176), arguing that she received ineffective assistance of counsel and the Court was biased. By Memorandum Opinion and Final Order entered on September 29, 2025, the Court denied the § 2255 Motion. (ECF Nos. 194, 195.)

On October 20, 2025, Huffman filed a letter asking to "have [her] appeal reopened," by which she means that she would like the Court to re-open her § 2255 proceedings. (ECF No. 197, at 1.)[1] Huffman's letter will be construed as a Motion to Alter or Amend a Judgment pursuant to Federal Rule of Civil Procedure 59(e) ("Rule 59(e) Motion."). "[R]econsideration of a judgment after its entry is an extraordinary remedy which should be used sparingly." *Pac. Ins. Co. v. Am. Nat'l Fire Ins. Co.*, 148 F.3d 396, 403 (4th Cir. 1998) (citation omitted) (internal quotation marks omitted). The United States Court of Appeals for the Fourth Circuit has recognized three grounds for relief under Rule 59(e): "(1) to accommodate an intervening change in controlling law; (2) to

---

[1] The Court employs the pagination assigned by the CM/ECF docketing system. The Court corrects the capitalization and punctuation and removes the emphasis in quotations from Huffman's submissions.

account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." *Hutchinson v. Staton*, 994 F.2d 1076, 1081 (4th Cir. 1993) (citing *Weyerhaeuser Corp. v. Koppers Co.*, 771 F. Supp. 1406, 1419 (D. Md. 1991); *Atkins v. Marathon LeTourneau Co.*, 130 F.R.D. 625, 626 (S.D. Miss. 1990)). Although Huffman identifies no specific reason for relief under Rule 59(e), the Court construes her to argue that the Rule 59(e) Motion must be granted to prevent a clear error of law or prevent manifest injustice.

Huffman contends that, although the Court never received her reply to the Government's response to her § 2255 Motion, she mailed the reply to the Court and to the United States Attorney's Office on January 17, 2025. (ECF No. 197, at 1.) Huffman provides a copy of the tracking numbers for the mail and a copy of the reply. (ECF No. 197-1, at 3–13.) Huffman seemingly believes that because the Court failed to receive her reply, the § 2255 Motion should not have been dismissed. That is certainly not the case here.

The Court has reviewed Huffman's reply and her arguments therein and finds that it fails to alter the Court's conclusion that her claims are procedurally barred or lack merit.[2] Accordingly, Huffman identifies no clear error of law in the Court's dismissal of her § 2255 Motion.

---

[2] For the first time, Huffman argues that counsel failed to file a request that her electronic devices taken during searches be returned to her after they were reviewed by law enforcement. (ECF No. 197-1, at 10–11.) This was not a claim that she raised in her § 2255 Motion, and she may not raise a claim for the first time in a Rule 59(e) Motion. *See Banister v. Davis*, 590 U.S 504, 508 (2020) (explaining that, "[i]n particular, courts will not address new arguments or evidence that the moving party could have raised before the decision issued." (citations omitted)). Moreover, the Court fails to discern how such a claim is cognizable in § 2255. If Huffman is seeking the return of specific property, she may file a motion for return of property under Federal Rule of Civil Procedure 41(g) that will be filed as a separate civil case. Huffman will be responsible for the $405.00 filing fee if she files such an action.

In sum, Huffman fails to demonstrate that the Court made a clear error of law or that reopening her § 2255 Motion is necessary to prevent a manifest injustice. Accordingly, the Rule 59(e) Motion, (ECF No. 197), will be DENIED. A certificate of appealability will be DENIED.

An appropriate Final Order shall accompany this Memorandum Opinion.

Date: 10 March 2026
Richmond, Virginia

/s/
John A. Gibney, Jr.
Senior United States District Judge